**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Emily Segner,**

      **Plaintiff,**

      **v.**

**Adecco USA, Inc., *et al.*,**

      **Defendants.**

**Case No. 2:25-cv-768**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

## OPINION AND ORDER

Adecco USA, Inc. ("Adecco") moves to strike Emily Segner's ("Plaintiff") jury demand.  Mot., ECF No. 19.  The motion is fully briefed and ripe for consideration.  Resp., ECF No. 23; Reply, ECF No. 24.  For the reasons below, the motion is **GRANTED**.

### I.    STATEMENT OF FACTS

This case is about a former employee alleging that she was subjected to sexual harassment in the workplace.  Compl., ECF No. 1.  Specifically, Plaintiff alleges that she was jointly employed by Adecco (a staffing agency) and Honda Development & Manufacturing of America, LLC ("Honda") (the manufacturer where Plaintiff was assigned to work as an associate).  *Id.* ¶¶ 17–21.  In August 2023, a Honda employee, Daniel Tully ("Tully," and, together with Adecco and Honda, "Defendants"), began sexually harassing Plaintiff.  *Id.* ¶ 23.  Despite reporting such harassment, Plaintiff alleges that Honda and Adecco failed to properly investigate her complaint and allowed the harassment to continue.  *Id.*

¶¶ 61–66. Plaintiff further alleges that, in November 2023, another employee subjected her to sexual harassment; Adecco and Honda, again, failed to act. *Id.* ¶¶ 77,107. Shortly thereafter, Honda and Adecco terminated Plaintiff in November 2023. *Id.* ¶¶ 117–118.

Relevant here, in June 2022, upon beginning her employment with Adecco and Honda, Plaintiff signed a Voluntary Dispute Resolution and Arbitration Agreement (the "Agreement") with Adecco. Mot. Ex. 1 ¶¶ 7, 10, ECF No. 19-1. The Agreement provides that "the parties hereby waive their right to have any claim covered by the arbitration obligations in this agreement decided by a judge or jury in a court." Mot. Ex. 1-B, ECF No. 19-1 at PAGEID # 165. This, obviously, was an arbitration provision. But the Agreement later states that, "[t]o the extent permitted by law, employee and company knowingly, voluntarily, and intentionally waive the right to a trial by jury for all claims." *Id.* at PAGEID # 167. And the severability clause provides that, "[i]f any provision(s) of this [ ] Agreement is declared overbroad, invalid, or unenforceable, such provision(s) shall be severed from this [ ] Agreement and the remaining provisions of this [ ] Agreement shall remain in full force and effect and shall be construed in a fashion which gives meaning to all of the other terms of this [ ] Agreement." *Id.* at PAGEID # 166.

In July 2025, Plaintiff filed this action against Defendants, alleging gender discrimination, sexual harassment, and retaliation under both federal and state law. Compl., ECF No. 1. She also requested a trial by jury. *Id.* at PAGEID # 20.

Case No. 2:25-cv-768                                                    Page 2 of 8

Adecco now moves for the Court to strike Plaintiff's jury trial demand for all claims against it.  Mot., ECF No. 19.

## II.    STANDARD OF REVIEW

"The right to a jury trial is guaranteed by the Seventh Amendment and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Ease Logistics Servs., LLC v. Zeatoon Inc.*, No. 2:25-cv-482, 2025 WL 3706383, at *1 (S.D. Ohio Dec. 22, 2025) (citation and internal quotation marks omitted). Nevertheless, "[i]t is clear that the parties to a contract may by prior written agreement waive the right to jury trial." *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985).  The constitutional right to a jury trial "may only be waived if done knowingly, voluntarily and intentionally." *Ease Logistics Servs., LLC*, 2025 WL 3706383 at *1 (citing *K.M.C. Co., Inc.*, 757 F.2d at 755–56).  "The party objecting to enforcement of a [jury] waiver provision, however, has the burden of proving that its consent to the waiver was not knowing and voluntary." *Thomas v. Westport Homes, Inc.*, No. 2:18-cv-1019, 2020 WL 1275237, at *1 (S.D. Ohio Mar. 17, 2020) (citing *K.M.C.*, 757 F.2d at 758).

## III.    ANALYSIS

Adecco argues that Plaintiff waived her right to a jury trial for all claims, whether those claims are arbitrable or not, in the Agreement.  Mot., ECF No. 19 at PAGEID # 150.

Plaintiff does not dispute that she knowingly and voluntarily waived her right to a jury trial in the Agreement. *See generally* Resp., ECF No. 23. Rather, Plaintiff argues against enforcing the jury trial waiver based on the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"). Specifically, she contends that (1) the EFAA prevents Adecco from enforcing arbitration of any of her claims; (2) enforcing the jury waiver provision would deny her a judicial resolution to those claims; and (3) because the EFAA invalidates the arbitration provision within the Agreement, it also invalidates the jury waiver provision. *Id.* at PAGEID ## 181, 188. The Court disagrees with Plaintiff.

## A.     Adecco is not moving to compel arbitration.

Plaintiff first argues that the motion is meritless because the EFAA prevents Adecco from forcing her to arbitrate her claims because those claims relate to a sexual harassment dispute. Resp., ECF No. 23 at PAGEID ## 180, 183.

The Federal Arbitration Act ("FAA") allows a party to an arbitration agreement to petition a federal court for enforcement. *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 404 (6th Cir. 2025) (citing 9 U.S.C. § 4). The EFAA, however, "allows an individual claiming sexual harassment or assault to elect judicial resolution, rather than arbitral resolution of their claims, even if the individual previously agreed to arbitrate such claims if they arose." *Id.* at 406; 9 U.S.C. § 402(a).

Though the Court agrees with Plaintiff that she cannot be forced to arbitrate any of her claims, Adecco is not moving to compel arbitration on any claim. Reply, ECF No. 24 at PAGEID # 193 ("Adecco has been clear from the start: it does not seek to compel arbitration."). Thus, Plaintiff's first argument fails as moot. The question here is not whether the EFAA bars arbitration of only the sexual harassment claims or all claims (as Plaintiff frames it); the question is whether the EFAA invalidates both the arbitration provision and the jury waiver provision.

**B.    Plaintiff will not be deprived of judicial resolution.**

Next, Plaintiff contends that she should be "allowed to choose judicial resolution in this Court rather than be forced into [arbitration]." Resp., ECF No. 23 at PAGEID ## 189–90.

But this point echoes her first argument. As stated above, Adecco is not seeking to enforce the arbitration provision. So, Plaintiff is not being forced into arbitration. Moreover, enforcing the jury waiver provision will not deprive Plaintiff of judicial resolution. Indeed, even if Plaintiff does not have a jury trial, this case will proceed to discovery, briefing dispositive motions, and, if necessary, a bench trial. Thus, Plaintiff's second argument also fails.

**C.    The EFAA does not invalidate the jury-trial waiver.**

Last, Plaintiff argues that, because "the arbitration [A]greement is void, any terms . . . in the [A]greement are also void . . . ." Resp., ECF No. 23 at PAGEID

# 190. Put simply, Plaintiff maintains that the EFAA invalidates the jury waiver provision. *Id.*

Neither the Sixth Circuit nor this Court has addressed whether the EFAA invalidates only an arbitration provision or an entire agreement that contains an arbitration provision. Nonetheless, the Court is not persuaded that, as Plaintiff contends, it is in the "best interest of justice" to void the entire Agreement. *See* Resp., ECF No. 23 at PAGEID # 188.

The plain language of the EFAA provides that cases related to sexual harassment are not bound by "predispute arbitration agreement[s.]" 9 U.S.C. § 402(a). "[P]redispute arbitration agreement means any agreement to arbitrate a dispute that had not yet arisen at the time of the making of the agreement." 9 U.S.C. § 401(1). Thus, the EFAA, on its face, invalidates *only* the "agreement to arbitrate"—i.e., the arbitration provision. It does not invalidate the entire Agreement.

And, even though the EFAA invalidates the Agreement's arbitration provision, that provision may be severable. Ex. 1-B, ECF No. 19-1 at PAGEID # 166. "Under the Federal Arbitration Act, the federal courts must interpret an arbitration agreement like other contracts and enforce the relevant 'state contract principles.'" *Gavin v. Lady Jane's Haircuts for Men Holding Co., LLC*, 135 F.4th 461, 464 (6th Cir. 2025) (citation omitted). When a provision in the arbitration agreement is unenforceable, courts rely on state law in determining whether it may enforce the rest of the agreement. *Id.*; *Gray Constr., Inc. v. Envirotech*

Case No. 2:25-cv-768                                                    Page 6 of 8

*Constr. Corp.*, No. 5:17-484-DCR, 2018 WL 6729984, at *3 (E.D. Ky. Dec. 21, 2018) (enforcing the jury waiver provision in an arbitration agreement where the agreement had a severability clause).

Under Ohio law, "[t]he doctrine of severability generally provides that where a contract consists of several agreements, one of which is illegal, the illegal portion can be severed if it does not destroy the symmetry of the contract." *Arbor Grove Props. v. Clear Sky Realty, Inc.*, No. 2017 CA 00124, 2018 WL 1831097, at *3 (Ohio Ct. App. Apr. 16, 2018) (citation omitted).

> Whether a contract is severable depends generally upon the intention of the parties, and this must be ascertained by the ordinary rules of construction, considering not only the language of the contract, but also, in cases of uncertainty, the subject-matter, the situation of the parties, and circumstances surrounding the transaction, and the construction placed upon the contract by the parties themselves.

*Martin v. Manorcare Health Servs., LLC*, No. CV-2022-07-2308, 2023 Ohio Misc. LEXIS 2783, at *7 (Ohio C.P. Sept. 20, 2023) (citing *Broughsville v. OHECC, LLC*, No. 05CA008672, 2005 Ohio App. LEXIS 6070, at *P30 (Ohio Ct. App. Dec. 21, 2005)).

Here, the Agreement includes a severability clause. Mot. Ex. 1-B, ECF No. 19-1 at PAGEID ## 166–67. Indeed, the severability clause states:

> If any provision(s) of this [ ] Agreement is declared overbroad, invalid, or unenforceable, such provision(s) shall be severed from this [ ] Agreement and the remaining provisions of this [ ] Agreement shall remain in full force and effect and shall be construed in a fashion which gives meaning to all of the other terms of this [ ] Agreement.

*Id.* at PAGEID # 166.  The Court thus finds the arbitration provision severable, and the remainder of the Agreement potentially valid.

To that end, the Agreement also provides, "[t]o the extent permitted by law, employee and company knowingly, voluntarily, and intentionally waive the right to a trial by jury for all claims." *Id.* at PAGEID # 167.  The Agreement therefore contemplates claims that are not subject to arbitration, like Plaintiff's sexual harassment claims.  And, by the express language of the Agreement, the parties clearly intended to have a bench trial, not a jury trial, to resolve such claims. Plaintiff does not dispute that she entered into this provision voluntarily, knowingly, and intentionally, so the Court finds it valid.

## IV.  CONCLUSION

For the foregoing reasons, Adecco's motion to strike Plaintiff's jury demand, ECF No. 19, is **GRANTED**.

The Clerk shall terminate ECF No. 19.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT